**Andrei Nikolay BATAEV, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 04–73700, 05–76535.

United States Court of Appeals,
Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted April 22, 2008.*

Filed April 30, 2008.

Sergei Shevchenko, Esq., Barshev, P.C., Beverly Hills, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jennifer C. Smith, Esq., Jeffrey J. Bernstein, Esq., Richard M. Evans, Esq., Kristin A. Cabral, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Andrei Nikolay Bataev, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel (No. 05–76535), and the BIA's order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal (No. 04–73700). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review in No. 05–76535, and we dismiss in part and deny in part the petition for review in No. 04–73700.

The BIA did not abuse its discretion in denying Bataev's motion to reopen as un-timely because the motion was filed more than one year after the BIA's June 30, 2004 final order. *See* 8 C.F.R. § 1003.2(c)(2). The BIA properly determined that Bataev was not entitled to equitable tolling because he did not demonstrate that he exercised due diligence in pursuing his ineffective assistance of counsel claim. *See Iturribarria*, 321 F.3d at 897 (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error").

Bataev's contentions that the BIA abused its discretion by denying the motion to reopen without addressing the underlying ineffective assistance of counsel claim and by ignoring his declaration are unpersuasive and not supported by the record.

We lack jurisdiction to review Bataev's challenge to the IJ's adverse credibility finding because, as he concedes, he failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (requiring exhaustion of administrative remedies). Without credible testimony, Bataev failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Bataev's contention that exhaustion was not required because the BIA summarily affirmed the IJ's decision is foreclosed by *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004). Moreover, Bataev's contention that the BIA's summary affirmance violated due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We need not reach Bataev's remaining contentions.

**No. 05–76535: PETITION FOR RE-VIEW DENIED.**

**No. 04–73700: PETITION FOR RE-VIEW DISMISSED in part; DENIED in part.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.